**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>EX PARTE APPLICATION OF FREDERICK J. WARREN FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Misc. Action No. 1:20-mc-00208 (PGG) |

**CONFIDENTIALITY AGREEMENT AND**
~~**PROPOSED**~~ **STIPULATED PROTECTIVE ORDER**

This Confidentiality Agreement and Proposed Stipulated Protective Order ("Order") is entered into by and among AMA Capital Partners, LLC ("AMA") and Frederick J. Warren ("Mr. Warren"), as a representative of the Claimants in the NAFTA proceeding *Alicia Grace and Others* v. *United Mexican States* (ICSID Case No. UNCT/18/4) (the "NAFTA Proceeding"), as well as any other persons or entities who receive Discovery Material (defined below) consistent with the terms of this Order and become bound by this Order by executing **Exhibit A** hereto (a "Declaration"). Each of the these persons or entities shall be referred to herein individually as a "Party," and, collectively, as the "Parties." The Party producing Discovery Material shall be referred to as the "Producing Party," and the Party receiving Discovery Material shall be referred to as the "Receiving Party."

**Recitals**

WHEREAS, Mr. Warren has served AMA with a subpoena pursuant to the order granting the *Ex Parte* Application of Frederick J. Warren Pursuant to 28 U.S.C. § 1782 for an Order to Take Discovery in Aid of a Foreign Proceeding, issued by Judge Paul G. Gardephe in the above-captioned proceeding (the "Subpoena"); and

WHEREAS, AMA has agreed to produce documents it previously produced in the matter *In re Perforadora Oro Negro, S. de R.L. de C.V. et al.*, No. 18-11094 (SCC), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Proceeding"); and

WHEREAS, AMA has agreed to produce transcripts of depositions that were taken as part of the discovery granted to the foreign debtor, Perforadora Oro Negro, in the Bankruptcy Proceeding; and

WHEREAS, AMA originally produced the Discovery Material pursuant to a protective order entered by the court in the Bankruptcy Proceeding (the "Bankruptcy Proceeding Protective Order"), *see In re Perforadora Oro Negro, S. de R.L. de C.V. et al.*, No. 18-11094 (SCC), ECF No. 104;

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below) and to protect Discovery Material (as defined below) that a Party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1. The Parties shall submit this Confidentiality Agreement and Stipulated Protective Order to the Court for approval and shall be bound by the Order's terms. The Parties shall abide by the terms of this Order pending its approval by the Court, and if this Order is not entered by the Court for any reason, the Parties shall continue to abide by its terms with respect to any Discovery Material (as defined below) produced prior to the Court's decision not to enter this Order unless the Court otherwise determines.

## Scope of Order

2. This Order applies to all information, documents and things exchanged, produced or otherwise disclosed by AMA to Mr. Warren in response to the Subpoena (collectively, "Discovery Material").

3.     Any non-Party that executes and delivers a Declaration to the Parties shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto and shall be permitted to review Confidential Material and Highly Confidential Material as set forth in Paragraphs 6 and 7.

### Designating Discovery Material

4.     AMA previously designated Discovery Material as "Confidential" or "Highly Confidential" (any such Discovery Material, "Designated Material") according to provisions of the Bankruptcy Proceeding Protective Order regarding the nature of such materials and the manner of designation of such material.  The Parties stipulate that those designations, except as modified by an order of the Bankruptcy Court, shall apply to all documents produced in response to the Subpoena in this proceeding and shall be treated as Confidential or Highly Confidential, as marked, under this Order.  To the extent that the Receiving party has documents or information, including but not limited to the Designated Material, that was received or became available to the Receiving Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person, was independently developed by the Receiving Party without violating its obligations hereunder, or was published or became publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person ("Non-Confidential Material"), nothing in this Order shall limit the Receiving Party's ability to use Non-Confidential Material in the NAFTA Proceeding or otherwise, and the Non-Confidential Material cannot be designated "Confidential" or "Highly Confidential" by virtue of the Producing Party having provided it.

### Use and Disclosure of Confidential or Highly Confidential Material

5.     <u>General Limitations On Use And Disclosure Of All Discovery Material</u>:  All Discovery Material, whether Designated Material or Non-Designated Material, shall be used by

3

the Receiving Party solely for the purposes of the NAFTA Proceeding and for potential proceedings commenced in the future to, annul, set aside or enforce awards, orders or decisions in the NAFTA Proceeding.  It shall not be used for any other purpose.

      6.      <u>Confidential Material</u>:  Confidential Material, and any and all information contained therein, may be given, shown, made available or communicated only to the following:

      (a)      The Receiving Party and any other Claimant in the NAFTA Proceeding, including their respective members, managers, partners, directors, officers, employees and external and in-house counsel and their agents, only as necessary to assist with or make decisions with respect to the NAFTA Proceeding;

      (b)      The Respondent in the NAFTA Proceeding, including its officers, employees and external and in-house counsel and their agents, as necessary to assist with or make decisions with respect to the NAFTA Proceeding, provided that a Declaration on behalf of Respondent and its counsel is executed in the form provided as Exhibit A; and

      (c)      Any other persons specified in Paragraph 7 below.

      7.      <u>Highly Confidential Material</u>:  Highly Confidential Material, and any and all information contained therein, may be given, shown, made available or communicated only to the following:

      (a)      The Receiving Party's counsel, to the extent they are directly responsible for overseeing or assisting with the NAFTA Proceeding, and staff working under the express direction of such counsel;

      (b)      Counsel to the Respondent in the NAFTA Proceeding, to the extent it is directly responsible for overseeing or assisting with the NAFTA Proceeding, and staff working under the express direction of such counsel, provided any such counsel and staff execute a Declaration in the form provided as Exhibit A;

      (c)      Industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the NAFTA Proceeding or by counsel to the Respondent in the NAFTA Proceeding or by the NAFTA tribunal or by ICSID staff, only as necessary to assist with the NAFTA Proceeding;

(d) Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(e) Outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the NAFTA Proceeding;

(f) Court reporters, stenographers, or videographers who record testimony in connection with the NAFTA Proceeding;

(g) Members of the NAFTA Proceeding tribunal, and clerical staff;

(h) Members of ICSID directly involved or assisting in the administration of the NAFTA Proceeding;

(i) Non-professional support personnel providing general secretarial services (such as word processing and printing) to and working under the supervision and direction of any natural person bound by and allowed to see Highly Confidential Material under this Order—in each case, only as necessary to assist such natural person with respect to the Disputes;

(j) Any government agency, internal or external auditor or regulatory body or authority having authority to regulate or oversee any respects of the Receiving Party's business or that of its affiliates, if required by any applicable statute, law, rule or regulation, subpoena, civil investigative demand or similar demand, or request; provided that (i) as permitted by applicable laws, the Receiving Party provides the Producing Party with prior written notice of any such request or requirement (unless such notice is prohibited by applicable law) so that the Producing Party may seek a protective order or other appropriate remedy; and (ii) the Receiving Party advises such recipient of the confidential nature of the information being disclosed and requests confidential treatment thereof;

(k) Any other person or entity with respect to whom AMA may consent in writing or upon order of this Court;

(l) During a cross examination in the NAFTA Proceeding, any witness adverse to the Receiving Party whose cross examination requires that the witness be shown a document; and

(m) During a direct examination in the NAFTA Proceeding, or in preparation for such a direct examination, of any witness, provided any such witness executes a Declaration in the form provided as Exhibit A.

8. <u>Designated Material to be Disclosed Only in Accordance with Paragraphs 6 and 7</u>: Confidential Material, and any and all information contained therein, shall not be given,

5

shown, made available, disclosed, or communicated in any way, except to those people provided in Paragraphs 6. Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available, disclosed, or communicated in any way, except to those persons provided in Paragraph 7.

9. <u>Prerequisite to Disclosure of Designated Material</u>: Before any entity, person, or representative thereof identified in Paragraphs 6 and 7 is given access to Designated Material, if permitted by this Order, such entity, person, or representative thereof shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as **<u>Exhibit A</u>** hereto. For the avoidance of doubt, the Respondent and Claimants shall each be required to fill out one declaration on behalf of each, that shall apply to any representative of the Respondent as described in Paragraphs 6(b) and counsel described in 7(b) and each individual Claimant and their representatives as described in 6(a) and counsel described in 7(a). Each such Declaration shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access. Such executed Declarations shall not be subject to disclosure under the Federal Rules of Civil Procedure, unless a showing of good cause is made and the Court so orders.

10. <u>Sealing of Designated Material Filed With Or Submitted To Tribunal</u>: In the event that Mr. Warren seeks to file documents with the NAFTA Proceeding tribunal that contain, identify, or reference Designated Material and would otherwise be available to the public, Mr. Warren shall file a redacted public copy of any such filings redacting the Designated Material and shall not allow the public disclosure of any material that contains, identifies, or references Designated Material.

**Unauthorized Disclosure of Designated Material**

11. <u>Unauthorized Disclosure of Designated Material</u>:  In the event of a disclosure by the Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order, immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made, and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.  Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

12. <u>Objecting to Designated Material</u>:  The confidentiality designations assigned to these documents in their original production in the Bankruptcy Proceeding are conclusive.

13. <u>Obligations Following Conclusion of the Disputes</u>:  Within 90 days of the resolution of the NAFTA Proceeding, including all related annulment, set aside or enforcement proceedings, unless otherwise agreed to by the Parties or ordered by a court or tribunal or as provided by law, all Parties shall take all reasonable steps to return to counsel for the Producing Party, or to destroy, all Designated Material, and all copies or notes thereof in the possession of any person, except that counsel may retain for its records (i) a copy of the Designated Material produced by its own clients (but not copies of Designated Material produced by any other Party); (ii) its work product; (iii) a copy of court filings, transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing or trial; and (iv) Designated

Material that may be required for regulatory recordkeeping purposes, <u>provided</u> that retained documents described in the foregoing (i) through (iv) will continue to be treated as provided in this Order.  If a Receiving Party chooses to take all reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party.  Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

        14. <u>Continuing Applicability of Confidentiality Agreement and Stipulated Protective Order</u>:  The provisions of this Order shall survive the final termination of the NAFTA Proceeding for any retained Designated Material.  The final termination of the NAFTA Proceeding shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

        15. <u>Amendment of Confidentiality Agreement and Stipulated Protective Order:</u>  This protective order may be amended only by written stipulation of AMA and Mr. Warren on behalf of the Claimants.

        16. <u>Disclosure of Designated Material in Other Proceedings</u>:  If the Receiving Party is subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of the Producing Party's Designated Material, other than concerning the NAFTA Proceeding, (i) as permitted by applicable laws, the Receiving Party shall promptly notify the Producing Party (to the extent permitted by applicable law, regulation, or government agency) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the

Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

17. <u>Use of Designated Material by Producing Party</u>:  Nothing in this Order affects the right of the Producing Party to use or disclose its own Designated Material in any way.

18. <u>Advice Of Counsel</u>:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the NAFTA Proceeding and, in the course thereof, relying on examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

19. <u>Enforcement</u>:  Once entered, the provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

October 26, 2020

<u>/s/  William A. Clareman</u>
Andrew N. Rosenberg
Aidan Synnott
William A. Clareman

1285 Avenue of the Americas
New York, New York  10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
arosenberg@paulweiss.com
asynott@paulweiss.com
wclareman@paulweiss.com

*Counsel to the AMA Capital Partners, LLC*

        QUINN EMANUEL URQUHART & SULLIVAN, LLP

        */s/ David M. Orta*
        David M. Orta (admitted *pro hac vice*)
        Juan P. Morillo (admitted *pro hac vice*)
        Serafina Concannon

        1300 I Street NW Suite 900
        Washington, D.C. 20005
        Telephone: (202) 538-8000
        Facsimile: (202) 538-8100
        davidorta@quinnemanuel.com
        juanmorillo@quinnemanuel.com
        serafinaconcannon@quinnemanuel.com

        *Attorneys for Frederick J. Warren*

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated:  October 29, 2020             *Paul S. Sandesbe*

**Exhibit A**

**Declaration**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>EX PARTE APPLICATION OF FREDERICK J. WARREN FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Misc. Action No. 1:20-mc-00208 (PGG) |

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, _____ declare under penalty of perjury (this "<u>Declaration</u>") that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "Order") entered on October \_\_, 2020 in *In re Application of Frederick J. Warren Pursuant to 28 U.S.C. § 1782 for an Order to Take Discovery in Aid of a Foreign Proceeding*, No. 1:20-mc-00208 (PGG) in the United States District Court for the Southern District of New York.  All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order.  I further certify that I will not use Designated Material for any purpose other than the NAFTA Proceeding, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material who has also executed a declaration agreeing to be bound by the terms and conditions of the Order or who has had a

declaration agreeing to be bound by the terms of the Order signed on their behalf.  I agree to be bound by the terms and conditions of the Order.

5. I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Material, and that I will carefully maintain such materials in a manner consistent with the Order.  I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6. I acknowledge and agree that I am aware that by receiving Designated Material: (a) I may be receiving material non-public information about companies that issue securities; and (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____			Signature: _____